**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TARIA BUTLER, | ) |
|       Petitioner, | ) ) ) |
| v. | ) )   Case No. 05-CV-0092-CVE-SAJ |
| RON WARD, | ) ) ) |
|       Respondent. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Petitioner's motion for discovery and request for production of documents (Dkt. # 11), motion for expansion of the record (Dkt. # 12), and motion for evidentiary hearing (Dkt. # 13). Petitioner filed this § 2254 habeas corpus action on February 14, 2005 (Dkt. # 1). Respondent filed his response on April 27, 2005 (Dkt. # 9), and provided the state court record (Dkt. # 10) necessary for resolution of Petitioner's claims. Petitioner filed his reply to Respondent's response on May 23, 2005 (Dkt. # 14). Respondent has not filed a response to Petitioner's motions. For the reasons discussed below, the Court finds that Petitioner's motions should be denied.

**A.     Motion for discovery and request for production of documents**

In his request for discovery and production of documents (Dkt. # 11), Petitioner seeks production of both written and recorded statements of police officer James Stump, a transcript of Officer Stump's preliminary hearing testimony, a transcript of Officer Stump's first trial testimony, portions of the transcript from Petitioner's first trial, and the Attorney General's response to Petitioner's direct appeal. Petitioner seeks these documents to support his claims of ineffective assistance of trial and appellate counsel and insufficient evidence. However, after reviewing the

complexity of the factual and legal issues involved, the Court exercises its discretion to deny Petitioner's request for discovery and production of documents at this time.

**B.      Motion for expansion of the record**

Petitioner seeks expansion of the record (Dkt. # 12) to include certain direct appeal and post-conviction records which he asserts have not been provided by Respondent as ordered by this Court on March 28, 2005 (Dkt. # 5). A review of the documents provided by Respondent in the response filed on April 27, 2005 (Dkt. # 9) reveals that Respondent has complied with the Court's Order. The Court finds Petitioner's request for expansion of the record should be denied at this time.  Should the Court determine, upon review of the petition and the parties' briefs, that additional materials are necessary for resolution of Petitioner's claims, an appropriate order will be entered.

**C.      Motion for evidentiary hearing and appointment of counsel**

Petitioner seeks an evidentiary hearing in this Court to provide information in support of his ineffective assistance of counsel claims and insufficient evidence claim (Dkt. # 13). He also asks for appointment of counsel. Id. Upon review of the complexity of the factual and legal issues involved, the Court exercises its discretion to deny Petitioner's motion for an evidentiary hearing and appointment of counsel at this time.  There is no constitutional right to counsel beyond the direct appeal of a conviction. See Swazo v. Wyoming Department of Corrections, 23 F.3d 332 (10th Cir. 1994).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion for discovery and request for production of documents (Dkt. # 11), motion for expansion of the record (Dkt. # 12), and motion for evidentiary hearing (Dkt. # 13) are **denied** at this time.

**IT IS SO ORDERED** this 9th day of February, 2006.

                                                CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT