IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TARIA BUTLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 05-CV-0092-CVE-SAJ |
| ) | |
| RON WARD, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner is a state prisoner and appears *pro se*. Respondent filed a response (Dkt. # 9) to the petition, and provided the state court record (Dkt. # 10) for the Court's use in resolving Petitioner's claims. Petitioner filed a reply (Dkt. # 14). By Order filed August 29, 2008 (Dkt. # 17), the Court directed Respondent to file a supplemental response to address Petitioner's claim of ineffective assistance of appellate counsel. Respondent filed the supplemental response (Dkt. # 18) on September 5, 2008. For the reasons discussed below, the Court finds the petition should be denied.

*BACKGROUND*

On August 13, 2001, Tulsa police officer James Stump was dispatched to Petitioner's residence to respond to a 911 domestic violence call placed by Petitioner's wife, Angela Butler. The front door of the residence was open as Officer Stump approached. Petitioner was in the doorway holding a large knife and arguing with his wife. Officer Stump drew his weapon and ordered Petitioner to drop the knife. Instead of dropping the knife, Petitioner lunged at the officer.[1] Officer

---

[1] In Petitioner's version of events he explains that he dropped the knife, did not lunge at Officer Stump, but did try to escape the scene by running toward the officer. See Dkt. # 14 at 3-4.

Stump fired one shot at Petitioner, striking him in the upper arm. Petitioner ran off but was found nearby and taken into custody. Petitioner was treated at the scene, then transported to a hospital. As a result of these events, Petitioner was charged and convicted by a jury of Assault with a Deadly Weapon, after former conviction of two or more felonies, in Tulsa County District Court Case No. CF-2001-4618. He was sentenced to twenty (20) years imprisonment. Petitioner was represented at trial by Gregg Graves, an attorney with the Tulsa County Public Defender's office.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Stuart Southerland, Petitioner raised three (3) propositions of error on direct appeal, as follows:

> Proposition 1: The evidence was insufficient to support a conviction for assault with a dangerous weapon.
>
> Proposition 2: Under the specific facts of this case, the jury should have been instructed on the lesser offense of assault upon a police officer.
>
> Proposition 3: Appellant was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.
>
> > (a) Defense counsel failed to order transcripts of prior hearings that could have been used to impeach Officer James Stump's testimony at trial and demonstrate his bias.
> >
> > (b) Trial counsel's failure to adequately cross-examine his client in his second trial significantly contributed to the jury's decision to convict.
> >
> > (c) Defense counsel failed to advise his client that a potential lesser-offense instruction was available for the felony of assault and battery with a dangerous weapon. Assault upon a police officer was a misdemeanor which carried a maximum term of six months in the county jail, and trial counsel should have requested the instruction. At a minimum, he should have advised his client that such a request could be made.

(Dkt. # 9, Ex. A). In an unpublished summary opinion, filed October 9, 2003, in Case No. F-2002-707, the OCCA rejected Petitioner's claims and affirmed the Judgment and Sentence of the trial court (Dkt. # 10, Ex. C). Nothing in the record suggests that Petitioner sought a *writ of certiorari* from the United States Supreme Court.

Next, Petitioner filed an application for post-conviction relief in the state district court.[2] In a "motion to 'amend' post-conviction application, by adding two (2) additional violations of ineffective assistance of appellate counsel," Petitioner asserted that appellate counsel provided ineffective assistance in failing to (1) raise a claim challenging the trial court's instruction on the punishment range, (2) raise a claim that a "specific statute" governed his offense. See Dkt. # 18, Ex. 1, attached motion. By order filed November 18, 2004, the district court denied the requested relief. See id., attached order. Petitioner appealed, raising claims of ineffective assistance of trial and appellate counsel. Id. The OCCA affirmed the district court's denial of post-conviction relief by Order filed December 28, 2004, in Case No. PC-2004-1240 (Dkt. # 1, Ex. B; Dkt. # 18, Ex. 1, attached order). The OCCA specifically found that Petitioner's ineffective assistance of trial counsel claims were waived as they could have been raised on direct appeal, and that Petitioner had not established deficient performance by appellate counsel pursuant to Strickland v. Washington, 466 U.S. 668 (1984). (Dkt. # 18, Ex. 1, attached OCCA order at 2).

Petitioner now seeks federal habeas corpus relief. In his petition filed on February 14, 2005, Petitioner identifies the following three grounds for relief:

Ground 1:   The evidence was insufficient to support a conviction for assault with a dangerous weapon.

---

[2]   Respondent provided a copy of Petitioner's application for post-conviction relief as part of his supplemental response. See Dkt. # 18, Ex. 1.

>   Ground 2:   Under the specific facts of this case, the jury should have been instructed on the lesser offense of assault upon a police officer.
>
>   Ground 3:   Ineffective assistance of trial counsel: Defense counsel didn't adequately prepare for trial; failed to properly direct examine his own client; failed to advise his client of a lesser included offense instruction.

See Dkt. # 1. In addition, on page 9 of the petition, Petitioner writes "I was denied effective assistance of appellate counsel: (1) counsel failed to bring up the jury wasn't properly instructed upon the proper range of punishment & petitioner's offense was a misdemeanor and not a felony." See Dkt. # 1 at 9. Giving liberal construction to the petition, see Haines v. Kerner, 404 U.S. 519 (1972), the Court finds Petitioner has raised a fourth ground for relief: ineffective assistance of appellate counsel. In response to the petition, Respondent argues that Petitioner's grounds were properly denied by the OCCA on direct appeal (Dkt. # 9). In his supplemental response (Dkt. # 18), Respondent asserts that Petitioner's ineffective assistance of appellate counsel claim lacks merit.

## *ANALYSIS*

**A.   Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that the exhaustion requirement is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Claims adjudicated by the OCCA on direct appeal**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain

federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, Petitioner presented each of his three specifically identified grounds on direct appeal where they were adjudicated by the OCCA. Therefore, the § 2254(d) standard applies to this Court's analysis of those claims.

### 1. *Insufficient evidence (ground 1)*

In his first ground for relief, Petitioner argues that the state presented insufficient evidence to establish beyond a reasonable doubt that he was guilty of assault with a dangerous weapon. He contends that the "whole case [is] based on circumstantial evidence" and that "all other witnesses don't support [Officer Stamp's] testimony." (Dkt. # 1 at 5). Citing Spuehler v. State, 709 P.2d 202, 203-04 (Okla. Crim. App. 1989), the OCCA rejected Petitioner's claim of insufficient evidence on direct appeal:

> In reaching our decision, we find, in proposition one that the evidence, when viewed in a light most favorable to the State, was sufficient for any rational trier of fact to have found the essential elements of assault with a dangerous weapon beyond

> a reasonable doubt, even though there were conflicts between Appellant's story and the officer's testimony.

(Dkt. # 9, Ex. C at 2). Respondent asserts that the OCCA's decision was not contrary to, or an unreasonable application of, Supreme Court law (Dkt. # 9 at 7).

As stated above, a writ of habeas corpus will not be issued unless the state court's legal conclusions are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the state court's factual conclusions are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," Id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001); see also Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004); Torres v. Mullin, 317 F.3d 1145, 1151 (10th Cir. 2003). Under either standard, Petitioner's claim in this case fails.

In a habeas proceeding, this Court must review the sufficiency of the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Significant to Petitioner's argument, both direct and circumstantial evidence are considered in determining whether evidence is sufficient to support a conviction. Lucero v. Kerby, 133 F.3d 1299, 1312 (10th Cir. 1998). The Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). This standard of review respects the jury's responsibility to resolve

conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the testimony presented at trial. Jackson, 443 U.S. at 319. Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

Applying this standard, this Court concludes that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. In Oklahoma, the elements of assault with a dangerous weapon are: (1) an assault; (2) upon another person; (3) with a sharp or dangerous weapon; (4) without justifiable or excusable cause; and (5) with intent to do bodily harm. See Okla. Stat. tit. 21, § 645.  Petitioner argues that Officer Stump's testimony differed from Petitioner's own testimony and his wife's testimony about whether he had dropped the knife before he was shot.  Although Petitioner asserts that he had already dropped the knife on the ground before Officer Stump shot him and had no intent to do bodily harm, the jury heard Officer Stump testify that Petitioner ignored more than three commands to drop the knife before lunging at the officer while still holding the knife. See Dkt. # 10, Tr. Trans. Vol. 2 at 204-07. Based on Oklahoma law and the cited testimony, the Court finds that a rational trier of fact could have found proof of guilt beyond a reasonable doubt of assault with a dangerous weapon.

The Court therefore concludes that the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Circuit has not clearly settled whether sufficiency of the evidence on habeas review presents a question of law or fact).

### *2. Failure to instruct on lesser included offense (ground 2)*

For his second proposition of error Petitioner claims that the trial court erred in failing to instruct the jury on the misdemeanor crime of assault on a police officer. Respondent contends that the issue is one of state law and is not proper for federal habeas corpus review.

The Tenth Circuit Court of Appeals has held that the failure of a state court to instruct on a lesser included offense in a non-capital case never raises a federal constitutional question. Lujan v. Tansy, 2 F.3d 1031, 1036 (10th Cir. 1993). Tenth Circuit precedent establishes a rule of "automatic non-reviewability" for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004) (stating that neither the Tenth Circuit nor the United States Supreme Court has ever recognized a federal constitutional right to a lesser included offense instruction in non-capital cases). Accordingly, habeas relief shall be denied on Petitioner's claim that his constitutional rights were violated because the trial court failed to give jury instructions on a lesser included offense.

### *3. Ineffective assistance of trial counsel (ground 3)*

Petitioner presents three claims of ineffective assistance of counsel in ground three. First, he asserts that his counsel did not adequately prepare for trial. Second, he claims his trial counsel failed to properly "direct examine" Petitioner when he testified in his own defense at trial. Last, he asserts that his trial counsel was ineffective for failing to advise Petitioner of a lesser included offense instruction. Citing Hooper v. State, 957 P.2d 120, 123 (Okla. Crim. App. 1998), and Strickland v. Washington, 466 U.S. 668, 689 (1984), the OCCA rejected each of these claims, finding that Petitioner did not show that he was prejudiced by counsel's conduct in this case. See Dkt. # 9, Ex. C at 2.

8

Petitioner is not entitled to habeas corpus relief on his claims of ineffective assistance of counsel unless he establishes that the OCCA's adjudication of the claims was an unreasonable application of Supreme Court precedent. Petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). Petitioner must establish the first prong by showing that his counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, Petitioner must show that this deficient performance prejudiced the defense to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). Failure to establish either prong of the Strickland standard will result in denial of relief. Strickland, 466 U.S. at 697.

*Failure to prepare adequately for trial*

Petitioner first asserts that his trial counsel failed to order transcripts of prior hearings that could have been used to impeach Officer Stump's testimony. See Dkt. # 1 at 8. Relying upon the detailed argument in Petitioner's direct appeal brief, he claims that there were significant differences in the testimony offered by Officer Stump at the preliminary hearing, at Petitioner's first trial,[3] and at the second trial. See Dkt. # 14 at 8-12. As indicated above, the OCCA, citing Strickland, rejected the ineffective assistance of counsel claim without a detailed explanation of its reasoning other than to state that any alleged deficient performance did not prejudice Petitioner's right to a fair trial. See Dkt. # 9, Ex. C at 2.

The Court finds that the OCCA applied the correct standard under federal law. The Court further finds that under the prejudice prong of Strickland, any perceived failure of defense counsel to properly cross examine or impeach Officer Stump did not result in prejudice to Petitioner. The Court has carefully reviewed the officer's testimony and agrees there are some discrepancies in his description of the placement of Petitioner's hands and the direction the knife was pointed before Petitioner lunged at the officer. However, the discrepancies are minor. Petitioner argues that his attorney failed to properly cross-examine and impeach Officer Stump on this issue. The Court disagrees. First, trial counsel did point out some differences in Officer Stump's trial testimony from his previous testimony. See Dkt. # 10, Tr. Trans. Vol. 2 at 222. More importantly, the minor differences in Officer Stump's testimony over the course of two trials and the preliminary hearing were not significant enough to conclude that any deficiency in trial counsel's cross-examination of

---

[3]   In Petitioner's first trial, a deadlocked jury resulted in the judge declaring a mistrial. See docket sheet for Case No. CF-2001-4618 at www.oscn.net.

Officer Stump rises to the level of constitutional ineffectiveness. Petitioner is not entitled to relief on this ground.

*Ineffective examination of Petitioner*

Petitioner testified in his own defense at trial. See Dkt. # 10, Tr. Trans. Vol. 2 at 249-76. He next contends that trial counsel was ineffective for failing to ask him questions which would have disclosed the reason he had a knife in his hand. Petitioner argues that the jury's decision would have been different if they had known he was using the knife as a screwdriver while working on a computer. Thus, Petitioner asserts that his trial counsel was ineffective for failing to ask about Petitioner's legitimate purpose in having the knife in his hands. He also claims that his attorney should have established that Petitioner was right-handed because Officer Stump testified that Petitioner carried the knife in his left hand. Petitioner fails to explain how these purportedly important omitted facts would have swayed the jury to discount Officer Stump's testimony about the actual assault. Again, the Court agrees with the OCCA that any deficient performance by trial counsel did not result in prejudice to Petitioner under Strickland. Petitioner is not entitled to habeas relief on this ground.

*Failure to advise of lesser included offense instruction*

In his final claim of ineffective assistance of trial counsel, Petitioner alleges that his trial counsel failed to advise him of a possible lesser offense of assault on a police officer. In addressing the merits of Petitioner's direct appeal proposition two claim regarding the lack of a lesser-included offense instruction, the OCCA stated:

> The evidence in this case did not support the crime of assault upon an officer, as there was no evidence of an assault without a weapon. *Shrum*, 1999 OK CR 41, ¶ 10, 991 P.2d at 1036.

(Dkt. # 9, Ex. C at 2). The Court agrees that there was no evidence to support the misdemeanor crime of assault on a police officer. Petitioner's defense was that he did not attempt to strike Officer Stump with the knife or threaten him in any manner. He testified at trial to the following:

> Q: Did you threaten the officer in any way?
>
> A: No way, no.
>
> Q: Were you aware that the officer had a gun?
>
> A: Yes, I was aware that he had a gun, yes.
>
> Q: Did you attempt to strike the officer with the knife?
>
> A: No, he had a gun.

Dkt. # 10, Tr. Trans. Vol. 2 at 256-57. When asked to tell the jury if he had threatened or assaulted the police officer, Petitioner replied, "I did not do this at all, seriously." Id. at 258. As noted earlier, Officer Stump testified in detail about Petitioner refusing to obey commands to put down the knife and lunged at the officer while the knife was in his hands. There simply was no evidence to support the lesser offense of assault upon a police officer. Accordingly, Petitioner's trial counsel was not ineffective for failing to request an instruction on this lesser offense or for failing to discuss it with Petitioner. The OCCA's finding that Petitioner's counsel was not constitutionally ineffective was not an unreasonable application of Supreme Court law nor an unreasonable determination of the facts in light of the evidence presented at trial. See 28 U.S.C. § 2254(d). Petitioner is not entitled to relief on this ground.

### C. Ineffective assistance of appellate counsel

Petitioner asserts that appellate counsel provided ineffective assistance in failing to assert that the jury was improperly instructed on the proper range of punishment and in failing to argue that

his offense was a misdemeanor and not a felony. See Dkt. # 1 at 9. In rejecting this claim on post-conviction appeal, the OCCA cited Strickland v. Washington, 466 U.S. 668, 687 (1984), and Cartwright v. State, 708 P.2d 592, 594 (Okla. Crim. App. 1985), and found that Petitioner had not established appellate counsel's performance was deficient, or that the result of his appeal was not reliable and fair. See Dkt. # 1, Ex. B; Dkt. # 18, Ex. 1, attached order. In making that determination, however, the OCCA stated that "[t]he fact appellate counsel fails to recognize or raise a claim, regardless of merit, is not and cannot alone be sufficient to establish ineffective assistance, or to preclude enforcement of a procedural default." Id. The Tenth Circuit Court of Appeals has repeatedly emphasized that that statement of the law by the OCCA deviates from the controlling federal standard.  See Cargle v. Mullin, 317 F.3d 1196, 1202-05 (10th Cir. 2003); Malicoat v. Mullin, 426 F.3d 1241, 1248 (10th Cir. 2005). As a result, the OCCA's analysis of Petitioner's claim of ineffective assistance of appellate counsel is not entitled to deference on federal habeas corpus review.  See Cargle, 317 F.3d at 1205; Malicoat, 426 F.3d at 1248. Therefore, this Court shall conduct a *de novo* review of Petitioner's ineffective assistance of appellate counsel claims.

The applicable standard was established by the Supreme Court in Strickland, 466 U.S. at 687. The Strickland test requires a showing of both deficient performance by counsel and prejudice to Petitioner as a result of the deficient performance. Id. When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999).  If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance.  Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir.1998) (citing United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has

merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. The relevant questions for assessing Petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, Petitioner "would have prevailed on his appeal." Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001) (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-91)).

Petitioner complains that his appellate counsel provided ineffective assistance in failing to challenge the trial court's jury instruction on the range of punishment. He claims that under Okla. Stat. tit. 21, §§ 645, 646, the minimum sentence for his crime was one (1) year in the county jail, and that his jury was erroneously instructed that the minimum sentence was twenty (20) years. Thus, Petitioner asserts that his appellate attorney provided ineffective assistance in failing to challenge the instruction on direct appeal. Petitioner fails to recognize, however, that because he testified in his own defense and admitted he had three (3) prior felony convictions, see Dkt. # 18, Ex. 3, his sentence was enhanced under Okla. Stat. tit. 21, § 51.1(B). Under that statute, his minimum sentence was twenty (20) years. Appellate counsel did not perform deficiently in failing to raise a challenge to the jury instruction based on Petitioner's argument because the argument is patently without merit.

Similarly, appellate counsel did not perform deficiently in failing to argue that the crime committed by Petitioner was a misdemeanor and not a felony. This claim is related to Petitioner's argument that his jury should have been instructed on the lesser included offense of assault upon an

officer, a misdemeanor. Appellate counsel did in fact argue that the jury should have been instructed on the lesser included offense of assault upon a police officer. The OCCA rejected that claim, however, and found that "[t]he evidence in this case did not support the crime of assault upon an officer, as there was no evidence of an assault without a weapon." See Dkt. # 9, Ex. C. Given that ruling by the OCCA, this Court finds that appellate counsel did not perform deficiently in failing to argue on appeal that the crime committed by Petitioner was assault upon an officer, a misdemeanor and not a felony.

Appellate counsel was not "objectively unreasonable" in failing to raise the omitted claims on appeal because the claims lack merit. Petitioner is not entitled to habeas corpus relief on his claims of ineffective assistance of appellate counsel.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.
2. A separate Judgment shall be entered in this case.

**DATED** this 30th day of September, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT